Michael R. Shapiro (CASBN 37011)
LAW OFFICES OF MICHAEL R. SHAPIRO
11500 West Olympic Blvd. Suite 400
Los Angeles, CA 90064
Tel.: (310) 472-8900
Email: mickeyimc@aol.com

Attorney for Plaintiff,
THE MUSIC FORCE, LLC

Andrew R. Nelson (CASBN 214895)
FORWARD COUNSEL LLP
4340 Von Karman Avenue, Suite 380
Newport Beach, California 92660
Telephone: (949) 258-9359
Facsimile: (949) 273-1070
Email: anelson@forwardcounsel.com

Attorney for Plaintiff,
THE MUSIC FORCE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MUSIC FORCE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>EMI CONSORTIUM SONGS, INC. D/B/A EMI LONGITUDE MUSIC,<br><br>      Defendants. | CASE NO.:<br><br>**COMPLAINT FOR: (1) QUIET TITLE IN COPYRIGHT; (2) DECLARATORY RELIEF; (3) CONVERSION; (4) IMPOSITION OF CONSTRUCTIVE TRUST); (5) COPYRIGHT INFRINGEMENTIONS; (6) SLANDER OF TITLE; AND (7) VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT

Plaintiff THE MUSIC FORCE, LLC ("TMF") alleges:

## JURISDICTION AND VENUE

1. This is a civil action to quiet title in a copyright and for declaratory relief, conversion, for imposition of a constructive trust, copyright infringement, slander of title,, and violation of California Business & Professions Code § 17200. At its core, this is an action seeking to enforce Alphons Kettner's termination rights, granted by the Copyright Act of 1976, which are currently being obstructed by Defendants, particularly EMI Consortium Songs, Inc., a corporation that has already made unknown sums from Mr. Kettner's art. Indeed, Defendants have profited from Mr. Kettner's art for decades, but now refuse to recognize the undeniable right of copyright recapture granted under the Copyright Act. And notwithstanding financial gain Mr. Kettner brought to Defendants, after receiving a valid notice of termination, enforcing Mr. Kettner's statutory right to terminate the transfer and/or license of his copyrights and rights, Defendants have refused to accept the termination notice and refuse to acknowledge the return of rights to Mr. Kettner's successor, TMF.

2. This Court has original subject matter jurisdiction over the claims to quiet title in a copyright and for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the remaining claims because those claims are so related to the claims in the action over which the Court has original jurisdiction as to form part of the same case or controversy under Article III of the United States Constitution.

3. This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, and more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.

4. Venue of this action is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) as a substantial part of the events giving rise to the claim occurred in this District.

COMPLAINT

## PARTIES

5. Plaintiff TMF is and at all times relevant herein, a California Limited Liability Company doing business in Los Angeles County, State of California.

6. Defendant EMI CONSORTIUM SONGS, INC. D/B/A EMI LONGITUDE MUSIC ("EMI Longitude") at all times relevant to this dispute is and was a New York Corporation with its principal place of business at 25 Madison Avenue, 25th Floor, New York, NY 10010. The Court has personal jurisdiction over EMI Longitude because it has sufficient minimum contacts with California and has purposefully conducted business activities within California in a continuous and systemic way such that it should reasonably anticipate being sued in California.

7. TMF is not aware of the true names and capacities of the Defendants sued herein as DOES 1 through 50 inclusive, and therefore sues these Defendants by their fictitious names. TMF will seek leave to amend the Complaint to reflect the true names and capacities of the DOE Defendants when these have been ascertained. TMF is informed and believes, and based thereon alleges, that the fictitiously named Defendants, and each of them, were responsible for the controversy in some manner for this controversy requiring a judicial declaration of TMF.

8. To the extent the conduct below was perpetrated by certain Defendants, the named Defendant or Defendants confirmed and ratified the same.

9. TMF is informed and believes, and on that basis alleges, that at all times herein mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in the acts and conduct alleged herein and therefore incurred liability to TMF for the acts alleged below. TMF is further informed and believes, and on that basis alleges, that at all times herein mentioned, all the Defendants were acting within the course and scope of their employment and/or said agency.

## FACTS COMMON TO ALL CLAIMS

10. Over many years TMF and EMI Longitude have been involved in dispute concerning the songwriter and publishing rights of the late Bobby Caldwell

("Caldwell"). The most significant value to these rights is to a song co-written by Caldwell and the late Alphons Kettner ("Kettner") entitled *WHAT YOU WON'T DO FOR LOVE* ("Song").

11. In June 2010, Kettner assigned to TMF his 50% share in the publishing rights to the Song (the "Kettner Interest").

12. In or about June 2010, both Caldwell and Kettner recorded and sent notice of their exercise of the Copyright Act's statutory termination rights under 17 U.S.C §§ 203 or 304(c) and (d), terminating all earlier transfers or licenses of their rights in the Song, recapturing the rights thereto.

13. EMI Longitude had actual knowledge of Caldwell's and Kettner's exercise at or about the time the exercise was made.

14. Despite this knowledge, for years EMI Longitude took no action vis-à-vis reacquiring rights in the Song, including the Kettner interest.

15. Subsequently, TMF's ownership of the Kettner Interest was challenged by the estate of Kettner, with the same being litigated in the Circuit Court of the 17th Judicial District in and for Broward County, Case number PRC-13-00003154. EMI was aware of this litigation, the issues involved, but did not intervene. TMF and the Kettner estate eventually reached a negotiated resolution, which confirmed TMF's rights in the Kettner Interest, the same being the subject of the Court's ruling confirming the settlement dated November 26, 2016.

16. Defendants have subsequently taken the position that it has a continuing interest in the Kettner Interest, legal or equitable.

17. Further, despite not owning or otherwise being granted the rights in the Kettner Interest, EMI Longitude has nonetheless continued to collect money as the purported publisher of the Kettner Interest in the Song, and wrongfully withholding those sums from TMF.

///

## FIRST CLAIM FOR RELIEF

-4-
COMPLAINT

(Quiet Title In Copyright)

18. TMF repeats and re-alleges paragraphs 1 through 17 above and incorporates them herein by reference as though set forth in full.

19. TMF is the exclusive owner of the Kettner Interest in the Song.

20. Defendants have cast a cloud over title to the copyright in the Kettner Interest, thereby preventing TMF from being able to exploit the Song.

21. TMF seeks to quiet title in the copyright in the Kettner Interest in its name alone, free and clear of any claimed interest by Defendants.

22. As a result of Defendant's false assertions of a copyright interest in the Kettner Interest and the Song, TMF has suffered injury and, unless those acts are enjoined by the Court, will continue to suffer irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief)

23. TMF repeats and re-alleges paragraphs 1 through 22 above and incorporates them herein by reference as though set forth in full.

24. An actual controversy has arisen and now exists between TMF and Defendants regarding ownership of the copyright in the Kettner Interest in the Song.

25. Defendants contend they own the exclusive copyright in the Kettner Interest and that TMF holds no rights.

26. TMF contends that it is the sole assignee of the Kettner Interest in the Song.

27. A judicial declaration regarding the above issues is necessary and appropriate at this time to remove the cloud that Defendants have cast over TMF's rights in the Kettner interest and allow for its exploitation.

28. Absent a judicial declaration, the uncertainty created by Defendant's conduct will substantially interfere with, if not altogether prevent, TMF's exploitation of the Kettner Interest. Indeed, absent a judicial declaration, TMF is unable to bring

its rights to market, and each day enforcement of its rights is delayed, TMF suffers financial harm because it is unable to effectively shop or pre-sell rights that remain are encumbered by an ownership dispute.

29. As a result of Defendants' false assertions of a copyright interest in the Kettner Interest, TMF has suffered and, unless those acts are enjoined by the Court, will continue to suffer irreparable harm for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

(Conversion)

30. TMF repeats and re-alleges paragraphs 1 through 29 above and incorporates them herein by reference as though set forth in full.

31. TMF's property includes, without limitation, the right to collect all income earned in the United States from the Kettner Interest in the Song.

32. Defendants wrongfully converted this property when they continued to collect monies and not account to TMF.

33. As a direct and proximate consequence thereof, TMF has been damaged in an amount according to proof at trial.

34. TMF is informed and believes, and based thereon alleges that in engaging in the conversion as described above, Defendants acted with oppression, fraud and/or malice. The conduct of Defendants has been despicable and undertaken intentionally and in conscious disregard of TMF's rights. Accordingly, TMF is entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and make an example of them.

## FOURTH CLAIM FOR RELIEF

(Imposition of Constructive Trust)

35. TMF repeats and re-alleges paragraphs 1 through 34 above and incorporates them herein by reference as though set forth in full.

///

36. By virtue of Defendants' conversion of TMF's assets as alleged above,

1  Defendants hold such assets, including the proceeds therefrom, in a constructive trust
2  for the benefit of TMF.
3      37. Any transfer by Defendants of TMF's assets will result in irreparable
4  injury to TMF that would otherwise not be fully compensable in damages, and TMF
5  is therefore entitled to a preliminary and permanent injunction prohibiting same.

## FIFTH CLAIM FOR RELIEF

(Copyright Infringement)

8      38. TMF repeats and re-alleges paragraphs 1 through 37 above and
9  incorporates them herein by reference as though set forth in full.
10     39. Pursuant to 17 U.S.C. § 501, copyright infringement occurs when anyone
11 violates any of the exclusive rights of the copyright owner.
12     40. Pursuant to 17 U.S.C. § 106, copyright owners have the exclusive right
13 to reproduce, prepare derivative works based upon, distribute copies of, and publicly
14 perform their copyrighted works.
15     41. Defendants have intentionally prevented TMF from exploiting any of
16 these exclusive rights.
17     42. As of the effective termination date included in the termination notice,
18 the Kettner Interest in the Song automatically returned to Mr. Kettner and was
19 thereafter assigned to TMF, and as of the date of this Complaint, TMF is the rightful
20 owner of the Kettner Interest.
21     43. Despite the effective termination date of June 9, 2013, as of the date of
22 this Complaint, Defendants continue to claim ownership of the Kettner Interest and
23 have undertaken several acts consistent with a claim of ownership to the exclusion of
24 TMF's claim, including refusing to account for revenues realized from various sources
25 including unpermitted licensing of the creation of derivative works. TMF alleges on
26 information and belief that Defendants continue to exploit the Kettner Interest without
27 permission from TMF.
28     44. Defendants' continued exploitation of TMF's copyrights constitutes

willful copyright infringement.

45. As a direct and proximate result of Defendants' wrongful conduct, TMF has suffered damages in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF

(Slander of Title)

46. TMF repeats and re-alleges paragraphs 1 through 45 above and incorporates them herein by reference as though set forth in full.

47. Defendants have claimed ownership to and/or denied TMF's ownership in the Kettner Interest, despite having actual and constructive knowledge of Kettner's assignment of to TMF of such interest, as well as Kettner's termination notice.

48. TMF alleges on information and belief that Defendants have undertaken acts that operate to cast doubt on TMF's title to the Kettner Interest, including TMF's right to control and exploit the Kettner Interest in the Song.

49. Defendants' acts have created doubt as to the ownership and title or rights to exploit the Kettner Interest.

50. TMF alleges on information and belief that Defendants' acts were undertaken with fraudulent purpose and intent

51. As a direct and proximate result of Defendants' wrongful conduct, TMF has suffered damages in an amount to be proven at trial.

52. TMF is informed and believes, and based thereon alleges that in engaging in the acts of interference as described above, Defendants acted with oppression, fraud and/or malice. The conduct of Defendants has been despicable and undertaken intentionally and in conscious disregard of TMF's rights. Accordingly, TMF is entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and make an example of them.

/ / /

/ / /

### SEVENTH CLAIM FOR RELIEF

(Violation of California Business and Professions Code § 17200)

53. TMF repeats and re-alleges paragraphs 1 through 52 above and incorporates them herein by reference as though set forth in full.

54. Defendants' actions as described herein constitute unlawful and unfair business practices proscribed by California Business and Professions Code Sections 17200 et seq.

55. As a result of Defendants' acts in violation of California Business and Professions Code Sections 17200 et seq., TMF has suffered and, unless those acts are enjoined by the Court, will continue to suffer irreparable harm for which they has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, TMF prays for judgment against Defendant EMI Longitude and all Defendants as follows:

1. Quieting title in Kettner Interest in the Song in TMF's name alone, free and clear of any claimed interest by Defendants;

2. Declaring that Defendants have no right, title, or interest, including without limitation any copyright interest, in the Kettner Interest and that Defendants are estopped from challenging TMF's exclusive ownership of all rights, title, and interest, including without limitation the entire copyright interest, in and to the Kettner Interest;

3. Preliminarily and permanently enjoining Defendants and all persons in active concert or participation therewith from commencing any action against TMF, any successor-in-interest, and any of their respective licensees, agents, or representatives, which challenges TMF's ownership of the Kettner Interest, including without limitation the copyrights therein;

4. Preliminarily and permanently enjoining Defendants and all persons in active concert or participation therewith from notifying any third parties of any claimed copyright interest in the Kettner Interest or otherwise seeking to disrupt

TMF's exploitation of the same;

5. Awarding damages pursuant to 17 U.S.C. § 504(b), including actual damages, inclusive of the injury to the market value of the copyrights in the Kettner Interest, and the profits of Defendants as will be proven at trial, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), one hundred and fifty thousand dollars ($150,000.00) for each act of willful infringement with respect to the Kettner Interest after its respective effective termination date;

6. Entering an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

7. Awarding TMF damages according to proof;

8. Awarding TMF punitive and exemplary damages;

9. Awarding TMF its attorneys' fees and costs;

10. Awarding TMF prejudgment interest according to law; and

11. Granting TMF such other and further relief as the Court may deem just and proper.

DATED: May 24, 2023            LAW OFFICES OF MICHAEL R. SHAPIRO

By: _____
Michael R. Shapiro
Attorney for Plaintiff
THE MUSIC FORCE, LLC

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: May 24, 2023          LAW OFFICES OF MICHAEL R. SHAPIRO

By: /s/ Michael R. Shapiro
Michael R. Shapiro
Attorney for Plaintiff
THE MUSIC FORCE, LLC